IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHOCTAW NATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-00128-PRW |
| | ) |
| CAREMARK PHC, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# **ORDER**

Before the Court are UnitedHealth/Optum Defendants' Motion to Stay Proceedings Pending Arbitration Pursuant to Section 3 of the Federal Arbitration Act (Dkt. 31); CVS/Aetna/Caremark Defendants' Motion to Stay Proceedings Pending Arbitration in the District of Arizona (Dkt. 34); and Plaintiff's Motion for Leave to File Consolidated Sur-Reply in Support of Plaintiff's Consolidated Response in Opposition to Defendants' Motions to Stay (Dkt. 55). For the reasons explained below, the Court **GRANTS** the Defendants' respective motions (Dkts. 31, 34) and **DENIES AS MOOT** Plaintiff's motion for leave to file a consolidated sur-reply (Dkt. 55).

Plaintiff is a federally recognized and sovereign Native American tribe, the Choctaw Nation (the "Nation"). The Nation operates its own healthcare system that serves Native persons throughout Choctaw territory. Under federal law, members of federally recognized Native Nations are eligible to receive free healthcare services at the Nations' facilities, and the Nations may recoup their costs of providing those free services from members' health-insurance plans. Defendants are two of the largest pharmacy benefit managers and several

1

of their affiliates: the UnitedHealth/Optum Defendants and the CVS/Aetna/Caremark Defendants.

The Nation filed its complaint in this action on April 26, 2021, claiming that Defendants violated 25 U.S.C. § 1621e, a provision of the Indian Health Care Improvement Act referred to as the "Recovery Act," as well as claims for negligence per se and unjust enrichment. The Nation also seeks injunctive and declaratory relief. The Nation notes in its consolidated response to Defendants' respective motions (Dkt. 44) that on December 29, 2020, less than four months before the Nation initiated this action, the Chickasaw Nation filed a complaint in this court against the UnitedHealth/Optum Defendants and the CVS/Aetna/Caremark Defendants, "asserting the exact same claims asserted by the Choctaw Nation in this action arising from the exact same conduct at issue here."[1] In response to these two lawsuits, the CVS/Aetna/Caremark Defendants filed two motions to compel arbitration under § 4 of the Federal Arbitration Act, one against the Chickasaw Nation and the other against the Choctaw Nation. Those motions, filed in the District of Arizona, were ultimately granted.[2]

---

[1] Pl.'s Consol. Resp. (Dkt. 44), at 4.

[2] *Caremark LLC v. Choctaw Nation*, No. CV-21-01554-PHX-SMB, 2022 WL 768098, at *2 (D. Ariz. Mar. 14, 2022); *Caremark LLC, v. Chickasaw Nation*, No. CV-21-00574-PHX-SPL, 2021 WL 2780859, at *2 (D. Ariz. July 2, 2021), *aff'd sub nom. Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021 (9th Cir. 2022).

For the same reasons this Court expressed in its Order granting a stay in the Chickasaw Nation lawsuit (case no. 6:20-cv-00488-PRW),[3] entered on the same day as this Order, the Court hereby **GRANTS** Defendants' respective motions to stay proceedings in this case (Dkts. 31, 34) and **DENIES AS MOOT** Plaintiff's motion for leave to file a consolidated sur-reply (Dkt. 55).

Accordingly, the action is **STAYED** and will be administratively closed pending the outcome of any arbitration proceedings. The parties shall jointly notify the Court of the completion of their respective arbitration proceedings within fourteen (14) days thereof. If a party seeks to reopen this action for any appropriate purpose, a motion to reopen must be filed no later than seven (7) days after filing the abovementioned notice with the Court.

**IT IS SO ORDERED** this 30th day of September 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[3] In its consolidated response to Defendants' motions to stay (Dkt. 44), the Choctaw Nation raises an argument the Chickasaw Nation did not address in its response to the Defendants' motions to stay in that case. Specifically, the Choctaw Nation argues that the "first-to-file rule" supports the Nation's request that the Court deny Defendants' motions. For the reasons explained in the District of Arizona's order granting the CVS/Aetna/Caremark Defendants' motion to compel arbitration against the Chickasaw Nation, and in the interest of comity and judicial economy, the Court declines to apply the first-to-file rule in this case. *See Caremark LLC*, 2021 WL 2780859, at *2 ("'[T]he most basic aspect of the first-to-file rule is that it is discretionary,' and a court may decide not to apply it based on 'reasons of equity.'" (quoting *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)).